UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

3CEMS,

      Plaintiff,                        Case No: 14-14951
                                            Honorable Victoria A. Roberts

v.

PERCEPTRON, INC.,

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR RECONSIDERATION (DOC. 43)**

     **I.    INTRODUCTION**

     Perceptron Inc. ("Perceptron"), 3Cems, and non-party Odyssey Electronics, Inc. entered into a supply agreement ("Agreement") for a project called "OS6."

     3Cems filed a single-count breach of contract complaint against Perceptron, alleging that Perceptron breached the Agreement and the Guarantee Letter when it failed to pay for ordered component parts. Perceptron says that 3Cems has no right to sue it, since its suppliers – and not 3Cems – purchased the units.

     3Cems and Perceptron filed cross-motions for summary judgment. On December 20, 2016, the Court granted in part and denied in part 3Cems' motion, and denied Perception's Motion for Summary Judgment.

     Perceptron now asks the Court to reconsider its entire order. Specifically, Perceptron says the Court made several errors concerning:

1

1. The separateness of 3Cems and its affiliates;

2. The number of units covered by the purchase order at issue;

3. The lack of genuine issues of material fact concerning Paul Eckoff's authority to bind Perceptron to the Guarantee Letter;

4. The applicability of every argument Perceptron raised concerning the Guarantee Letter; and,

5. The Tolling Agreement and whether it pertained to Perceptron's statute of limitations defense.

Local Rule 7.1(h)(3) guides the Court in its review of Perceptron's motion:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

The Court finds that several of Perceptron's arguments lack merit. The Court will not disturb its conclusions that: (1) 3Cems can rightfully sue Perceptron for Breach of Contract; (2) it need not address every argument Perceptron raised for the Guarantee Letter; and, (3) the statute of limitations defense was not a viable defense.

2

However, the Court believes other arguments made by Perceptron have merit. The consideration of them warrants a different outcome.

## II.   DISCUSSION

### A.   Purchase Order

Contrary to the Court's conclusion, Perceptron and 3Cems now both agree that Perceptron never issued a 100,000 unit purchase order. At issue is whether Perceptron directed 3Cems to purchase component parts for the OS6 project; and if Perceptron failed to pay 3Cems for those parts. Perceptron's breach of the Agreement hinges on these issues.

There is a genuine issue of material fact whether Perceptron breached the Agreement.

### B.   Scope of Paul Eckoff's Authority

Paul Eckoff testified that he lacked authority to sign the Guarantee Letter. This creates a genuine issue of fact concerning his authority to bind Perceptron by the Guarantee Letter.

### C.   Guarantee Letter

The Guarantee Letter is an acknowledgment that Perceptron will be responsible for "all tooling costs and idle material cost on the OS6 series projects between Odyssey Electronics Inc., and Prime Foundation Inc.," under the Agreement. Perceptron argues that other suppliers – not Odyssey Electronics and Prime Foundation – incurred these costs.

Whether Perceptron breached the Guarantee Letter and the amount of damages depends on whether Odyssey Electronics and Prime Foundation purchased any of the idle component parts.

There is a genuine issue of material fact whether Perceptron breached the Guarantee Letter and whether there were damages.

## III.    CONCLUSION

Having made the above findings that genuine issues of fact exist, the Court partially **GRANTS** and partially **DENIES** Defendant's Motion for Reconsideration.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 30, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 30, 2017.

s/Linda Vertriest
Deputy Clerk

4